IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ELLENIA MATTHEWS<br>2257 E. 86th St.<br>Cleveland, Ohio 44106 | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE |
| Plaintiff, | )<br>) | MAGISTRATE JUDGE |
| vs. | )<br>) | **PLAINTIFF'S COMPLAINT** |
| EAST CLEVELAND CITY SCHOOL<br>DISTRICT BOARD OF EDUCATION<br>1843 Stanwood Rd.<br>E. Cleveland, Ohio 44112 | )<br>)<br>)<br>)<br>) | (Jury Demand Endorsed Herein) |
| and | )<br>) | |
| HENRY PETTIGREW, CEO<br>East Cleveland City School District<br>1843 Stanwood Rd.<br>E. Cleveland, Ohio 44112 | )<br>)<br>)<br>)<br>) | |
| Defendants. | )<br>) | |

Now comes Plaintiff, Ellenia Matthews, by and through counsel, and for her Complaint against Defendant East Cleveland Board of Education ("East Cleveland BOE") and Henry Pettigrew, CEO of East Cleveland City School District ("Pettigrew", collectively, "Defendants") states and alleges the following:

## INTRODUCTION

1. This is an action instituted by Plaintiff as a result of Defendants' policy and practice of failing to pay Plaintiff her overtime compensation at the rate of one and one-half times her regular rate of pay for the hours she worked over 40 each workweek under the Fair Labor Standards Act ("FLSA"), 29 U.C.S. 201-219 the Ohio Minimum Fair Wage Standards Act

("OMFWSA") O.R.C. §4111.02 et seq, and the Ohio Constitution Art II, §34a.

2. The Plaintiff also brings claims for breach of contract because of Defendants failing to pay the agreed-upon rate for all hours worked performing additional job functions.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper pursuant to 28 U.S.C. 1391(b) because Defendants conduct business throughout this District and Division, and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5. At all times relevant herein, Plaintiff was a citizen of the United States and a resident of Cuyahoga County, Ohio.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

7. At all times relevant herein, Defendants operate the East Cleveland City School District, with its principal offices at 1843 Stanwood Rd., E. Cleveland, Ohio 44112.

8. At times relevant herein, Defendants operate schools in Cuyahoga County, Ohio.

9. At all times relevant herein, Defendants are employers within the meaning of 29 U.S.C. § 203(d).

10. At all times relevant herein, Defendants are an enterprise within the meaning of 29 U.S.C. § 203(r).

11. At all times relevant herein, Defendants are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

## FACTUAL ALLEGATIONS

13. Defendants operated the East Cleveland City School District which is currently under State of Ohio control and is operated by CEO Henry Pettigrew.

14. Plaintiff was first employed by Defendants in May, 2018. She was hired to be a secretary to the Treasurer, a non-exempt position, and was paid a salary of $45,240.00. At no time relevant to this case was she a member of any union.

15. In August 2018, Defendants asked Plaintiff if, in addition to her regular duties, she would take on the duties of what would later become the benefits coordinator, another non-exempt position, amongst other duties including payroll and assistant treasurer functions.

16. In 2019 Plaintiff was promoted to Benefits Coordinator and was asked, in addition to her regular duties, to continue to perform the other duties because of the high level that she performed the duties, the ability to be relied upon, and until a replacement secretary could be hired.

17. Between August 2018 and the present, Plaintiff has performed her regular duties as secretary, but also the duties of the benefits coordinator, assistant treasurer and payroll.

18. During this time, Defendants failed to pay Plaintiff for the additional work.

19. In September 2021, Plaintiff met with Pettigrew and the Human Resource Director to discuss the unpaid compensation.

20. During that meeting, the Human Resource Director stated that Plaintiff would be paid an additional $223 per day of work for the previous two years and would continue to be paid the additional wage while she performed the work of the executive secretary and other

functions. In exchange Plaintiff would waive the first year of repayment for the work performed as the benefits coordinator.

21. On October 15, 2021, Defendant paid Plaintiff $71,400.00 in additional pay, which came out to $150 per workday, $73 less than what was agreed.

22. Between August 2018 and the present, Plaintiff worked more than 40 hours per week.

23. Plaintiff was employed in a non-exempt position and had to be paid time and one-half for any work over 40 in a work week.

24. Defendant failed to keep track of the hours Plaintiff worked and failed to pay any overtime wages.

## COUNT ONE
### (Fair Labor Standards Act Violations)

25. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

26. Defendants' practice and policy of not paying Plaintiff overtime compensation at the rate of one and one-half times her regular rate of pay for the hours she worked over 40 each workweek violated the FLSA, 29 U.S.C. 207.

27. Defendants' failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR 516.2(a)(7).

28. By engaging in the above-described practices and policies, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA.

29. As a result of Defendants' practices and policies, Plaintiff has been damaged in that she has not received wages due to her pursuant to the FLSA.

## COUNT TWO
**(Ohio Minimum Fair Wage Standards Act)**

30. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

31. Defendants' practice and policy of misclassifying Plaintiff as exempt violated the OMWFSA, O.R.C. §§ 4111.01-4111.14.

32. Defendants' practice and policy of not paying Plaintiff overtime compensation at the rate of one and one-half times her regular rate of pay for the hours she worked over 40 each workweek violated the OMWFSA, O.R.C. §4111.10.

33. Defendants' failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff violated the OMWFSA, O.R.C. §4111.08.

34. By engaging in the above-described practices and policies, Defendants willfully, knowingly and/or recklessly violated the provisions of the OMFWSA.

35. As a result of Defendants' practices and policies, Plaintiff has been damaged in that she has not received wages due to her pursuant to the OMFWSA.

## COUNT THREE
**(Breach of Contract)**

36. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

37. Plaintiff and Defendants agreed that Plaintiff would be paid $223 per hour for the additional work assigned to her in August 2018.

38. Plaintiff performed her work as directed.

39. Defendants paid Plaintiff only $150 per hour in breach of their agreement.

40. As a result of Defendants' breach, Plaintiff has been damaged in that she has not

received wages due to her pursuant to their agreement.

## COUNT FOUR
### (Unjust Enrichment)

41. The Plaintiff incorporates by reference the foregoing allegations as if fully re-written herein.

42. The Defendants received the benefits of Plaintiff's work as the executive secretary, payroll secretary, assistant treasurer, and benefits coordinator.

43. The Defendants knowingly took advantage of those benefits.

44. Despite receiving the benefits, the Defendants did not fulfil their obligation by paying the Plaintiff the agreed-upon rate for her work.

45. As a result of the conduct described above, the Defendants are liable for the damages arising from their illegal actions including, but not limited to, punitive damages, compensatory damages, attorneys' fees, pre-judgment interest, post-judgment interest and costs.

## COUNT FIVE
### (Promissory Estoppel)

46. The Plaintiff incorporates by reference the foregoing allegations as if fully re-written herein.

47. The Defendants made promises to the Plaintiff regarding the payment for her work.

48. The Defendants should have reasonably expected the Plaintiff to rely on those promises.

49. The Plaintiff reasonably relied upon the Defendants' promises.

50. As a result of the Plaintiff's reliance upon the Defendants' promises, the Plaintiff suffered substantial economic losses.

51. The Defendants are liable for the losses suffered by the Plaintiff including, but not

limited to, compensatory damages, attorneys' fees, pre-judgment interest, post-judgment interest and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A. Award Plaintiff compensatory damages;

B. Award Plaintiff actual damages for unpaid wages;

C. Award Plaintiff liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff under the FLSA;

D. Award Plaintiff statutory damages in an amount equal to two-times the amount of back wages;

E. Award Plaintiff pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff attorneys' fees, costs, and disbursements; and

G. Award Plaintiff further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Robert B. Kapitan
Robert B. Kapitan (0074327
Anthony J. Lazzaro (0077962)
Lori M. Griffin (0085241)
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250
34555 Chagrin Blvd.
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
robert@lazzarolawfirm.com
anthony@lazzarolawfirm.com
lori@lazzarolawfirm.com
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

                                                              /s/ Robert B. Kapitan
                                                              One of the Attorneys for Plaintiff