IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ELLENIA MATTHEWS, | ) | CASE NO. 1:22-cv-00478 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | MAGISTRATE JONATHAN D. |
| | ) | GREENBERG |
| EAST CLEVELAND CITY SCHOOL | ) | |
| DISTRICT BOARD OF EDUCATION, *et al.*, | ) | **JOINT MOTION TO APPROVE** |
| | ) | **SETTLEMENT AND JOINT** |
| | ) | **STIPULATION FOR DISMISSAL** |
| Defendants. | ) | **WITH PREJUDICE** |

Defendants East Cleveland City School District Board of Education and Dr. Henry Pettiegrew ("Defendants"), along with Plaintiff Ellenia Matthews, bring this motion requesting that the Court (1) approve the Parties' settlement of claims and (2) dismiss the action in its entirety. The proposed settlement agreement ("Settlement Agreement") (attached hereto as Exhibit A) resolves a bona fide dispute concerning overtime wages. The Parties reached this agreement in good faith after a mediation session with Honorable Jonathan D. Greenberg. All parties believe that the settlement is fair and reasonable. For all of the reasons set forth herein, the parties jointly request that their motion for settlement approval and dismissal be granted.

**I. Procedural History**

On March 25, 2022, Plaintiff filed a Complaint with the Court alleging certain violations of the Fair Labor Standards Act ("FLSA"), Ohio Minimum Fair Wage Standards Act ("OMFWSA"), breach of contract, unjust enrichment, and promissory estoppel. (Compl. Mar. 25, 2022, ECF No. 1.) On May 31, 2022, Plaintiff filed an Amended Complaint, adding a claim of retaliation to Plaintiff's initial complaint and naming the East Cleveland City Schools Academic Distress Commission as a defendant. (Am. Compl. May 31, 2022, ECF No. 8.)

Plaintiff's FLSA claims stemmed from her belief that she was a salaried non-exempt employee under the FLSA and entitled to overtime wages during her employment with Defendants. Defendants assert that Plaintiff was statutorily exempt from the overtime requirements of the FLSA. Moreover, to the extent that Plaintiff may be considered a non-exempt employee, Defendants contend that Plaintiff was paid for all time worked. (Am. Compl. May 31, 2022, ECF No. 8. at ¶21).

On August 31, 2022, the Parties attended a telephonic status conference before the Court, at which the Parties agreed to mediation in this matter, and the Court issued a stay of discovery pending mediation. (Minutes of Proceedings Aug. 31, 2022.) On November 21, 2022, the Parties engaged in a four-hour mediation, via Zoom, before Honorable Jonathan Greenberg. (Minutes of Proceedings Nov. 21, 2022, ECF No. 17.) At mediation, the Parties were able to reach a tentative agreement as to the material terms of the Settlement Agreement.

## II. The Settlement

### A. The Settlement Amount, Allocation, and Distribution

Following mediation, the Parties drafted and executed the attached Settlement Agreement. Under the terms of the Settlement Agreement, Defendants agree to pay Plaintiff Thirty-Nine Thousand Dollars ($39,000.00) inclusive of attorneys' fees and costs. Plaintiff's Counsel allocated the total settlement amount as follows:

- Consistent with Plaintiff's fee agreements with Plaintiff's Counsel, attorneys' fees and litigation costs in the amount of Nine Thousand Dollars ($9,000.00) on a Form 1099 basis;
- Fifteen Thousand Dollars ($15,000.00) allocated to Plaintiff as back wages on a Form W-2 basis; and
- Fifteen Thousand Dollars ($15,000.00) allocated to Plaintiff as liquidated damages on a

Form 1099 basis.

The parties agreed that Defendants would disburse the total settlement amount by January 31, 2023.

### B. The Release of Claims

In consideration for the settlement payment, Plaintiff has agreed to standard settlement terms and a general release of all claims arising from her employment with Defendants. Included in the general release is a release of Plaintiff's claims under the FLSA and the OMFWSA. Further, Plaintiff has agreed to dismiss her non-FLSA claims with prejudice.

### III. The Proposed Settlement Appropriately Resolves The Parties' Claims and Defenses

#### A. Standard for Approval of Settlement of FLSA Claims

Although the Sixth Circuit has never definitively answered the question of whether court approval is required for FLSA settlement agreements, district courts in the Sixth Circuit regularly find that the FLSA weighs in favor of courts approving settlements. *See, e.g., Steele v. Staffmark Investments, LLC*, 172 F. Supp. 3d 1024, 1026 (W.D. Tenn. 2016) (indicating that the Sixth Circuit's holding in *Runyan v. Nat'l Cash Register Corp.,* 787 F.2d 1039, 1042-43 (6th Cir. 1986) makes it likely that the Court would require approval of FLSA settlements). Recently, in *Bleich v. Cleveland Brewing Co., LLC*, No. 1:21-CV-01891, 2022 WL 2185024, at *1 (N.D. Ohio May 16, 2022), this Court outlined the factors courts consider when considering a proposed FLSA settlement:

> \* \* \*
>
> First, courts consider whether the parties are settling a "bona fide dispute." Parties have a bona fide dispute where "some issue of the employer's liability is actually and reasonably in dispute."
>
> Second, courts consider whether the proposed settlement is fair and reasonable. Courts may look to factors including '(1) the risk of

3

> fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; (5) the opinion of class counsel and representatives; (6) the reaction of absent class members; and (7) public interest in the settlement.'
>
> * * *

As described in further detail below, the parties are settling a bona fide dispute. Moreover, the factors all weigh in favor of approving the proposed Settlement Agreement.

### B. A Bona Fide Dispute Exists

A bona fide dispute exists "when an employee makes a claim that he or she is entitled to overtime payment." *Houston v. URS Corp.,* 2009 WL 2474055, at *5 (E.D. Va. Aug. 7, 2009); *see also Crawford v. Lexington-Fayette Urb. Cnty. Gov't*, No. CIV. A. 06-299-JBC, 2008 WL 4724499, at *4 (E.D. Ky. Oct. 23, 2008). Here, a bona fide dispute exists. Plaintiff claims that she was a non-exempt employee and was entitled to overtime wages – and that Defendants failed to pay her overtime pay properly. Conversely, Defendants deny that Plaintiff was a salaried non-exempt employee under the FLSA and that they violated the FLSA or any other law and deny that Defendants owe Plaintiff any overtime. Although both parties firmly believe in the merits of their respective claims and defenses, given the time and expenses associated with litigation and discovery, the uncertainty of motion practice and trial, the risk of significant delay, and the ability to collect a judgment if one is obtained, the ability of Defendant to pay a greater judgment if one is obtained, the parties agree that a settlement is appropriate at this stage of the litigation.

### C. Fair and Reasonable Settlement

#### 1. *The Settlement Agreement Does Not Result from Fraud or Collusion*

The Parties reached the Settlement Agreement via extensive arms-length negotiations through participation by experienced and prepared counsel of their choosing in a mediation with a qualified mediator, Honorable Jonathan Greenberg. As such, there is no fraud or collusion in the

Parties' settlement. *Athan v. United States Steel Corp.,* No. 17-CV-14220-TGB-DRG, 2021 WL 805430 (E.D. Mich. Mar. 3, 2021) (finding no evidence of fraud or collusion when parties reached agreement through formal mediation.)

### 2. *The Settlement Agreement Prevents Complex, Expensive, and Lengthy Litigation*

The complexity, expense, and length of continued litigation weigh in favor of settlement in this matter. The Parties agree that avoiding the significant expense and time of litigating these complex claims is in the Parties' best interests. Should this matter continue, the Parties need to complete considerable discovery consisting of depositions, additional written discovery, and document production. The Parties would then need to brief and argue the competing sides of a motion for summary judgment. Based on the resultant rulings, if necessary, the Parties would have to prepare for and put on a complex and lengthy jury trial. This case would surely proceed for several months.

Moreover, ultimately determining whether Defendant's retroactive payroll payment received by Plaintiff is an actual violation of the FLSA would require a detailed analysis of statutory and case law, the circumstances surrounding the payment, the specific way in which Defendants received notice of the alleged need to make such payment, and the timeliness in processing the payment. *See Athan v. United States Steel Corp.,* No. 17-CV-14220-TGB-DRG, 2021 WL 805430 (E.D. Mich. Mar. 3, 2021) (determining whether retroactive payroll payments affected Plaintiff's FLSA claims would require unique and detailed analysis.)

The Parties have compromised to avoid experiencing either extreme outcome – dismissal for Plaintiffs or an adverse judgment for Defendant. The Parties' settlement is a reasonable means for the Parties to minimize or altogether avoid future time expended, risks, and litigation costs.

### 3. *The Parties Have Engaged in Sufficient Discovery To Evaluate The Fairness of The Proposed Settlement Agreement*

The Parties have engaged in extensive written discovery prior to mediation. As such, the Parties entered mediation with a well-informed basis to evaluate their respective claims and defenses before reaching an agreement to resolve this matter. As discussed earlier, rather than continue down a long and costly path of discovery, the Parties agreed to resolve this matter at mediation before incurring the costs of depositions and further discovery.

### 4. *The Likelihood of Success on The Merits is Uncertain*

The Plaintiff's likelihood of success on the merits and the amount she could be awarded, including attorney fees, is uncertain. Many unique factual and legal issues in this matter make it difficult for the Parties to ascertain their respective likelihood of success. Moreover, the Parties acknowledge the considerable risk to each side should this matter proceed through litigation. To avoid these uncertainties, the Parties negotiated the proposed Settlement Agreement as a fair and reasonable alternative in relation to the uncertainty inherent in this case. *Crawford v. Lexington-Fayette Urb. Cnty. Gov't*, No. CIV. A. 06-299-JBC, 2008 WL 4724499, at *7 (E.D. Ky. Oct. 23, 2008) (uncertainty of success at trial weighed in favor of approving a settlement agreement.)

### 5. *Public Interest Weighs In Favor Of The Proposed Settlement Agreement*

The United States Supreme Court has long held that "Settlement is the preferred means of resolving litigation." *Williams v. Nat'l Bank,* 216 U.S. 582, 30 S.Ct. 441, 54 L.Ed. 625 (1910). Courts have recognized that if a proposed settlement reflects a reasonable compromise over issues actually disputed, such as FLSA coverage or computation of back wages, a settlement agreement serves to "promote the policy of encouraging settlement of litigation." *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Lab., Emp. Standards Admin., Wage & Hour Div.,* 679 F.2d 1350, 1353 (11th Cir. 1982).

In this case, there is the added element that Defendant, East Cleveland City School District Board of Education, is a political subdivision funded by tax dollars. Thus, in addition to serving the public interest of resolving litigation, the proposed Settlement Agreement also reduces the expenditure of public tax dollars in litigation and any potential award Plaintiff may receive.

Finally, As this is not a class action case, factors five (5) and six (6) are inapplicable. However, as explained above, the applicable factors all weigh in favor of settlement.

### III.  Conclusion

The proposed Settlement Agreement is a product of an arms-length mediation between the Parties that have resolved a bona fide dispute concerning overtime wages. The settlement is fair and reasonable and provides Plaintiff with meaningful monetary relief while avoiding the cost and uncertainty of litigation for all parties. For these reasons, and those set forth above, the parties respectfully request the Court to approve the parties' proposed Settlement Agreement and dismiss this action with prejudice.

Respectfully submitted,

/s/ *Robert Kapitan*
Robert B. Kapitan (0074327)
The Lazzaro Law Firm, LLC
Heritage Building, Suite 250
3455 Chagrin Blvd. Moreland Hills,
Ohio 44022
Phone: 216-696-5000
Fax: 216-696-7005
robert@lazzarolawfirm.com

*Attorney for Plaintiff*
*Ellenia Matthews*

/s/ *Milko Cecez*
Donna M. Andrew, Esq. (0066910)
Milko Cecez, Esq. (0084989)        The Pepple & Waggoner, Ltd.
Crown Centre Building
5005 Rockside Road, Suite 260
Cleveland, OH  44131-6808
Tel:   216-520-0088 / Fax:   216-520-0044
Email:  dandrew@pepple-waggoner.com
              mcecez@pepple-waggoner.com

*Attorneys for Defendants East Cleveland City School District Board of Education, et al.*

7

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 15th day of December, 2022, a copy of the foregoing *Joint Motion to Approve Settlement and Joint Stipulation for Dismissal with Prejudice* was served by Court Notice of Electronic Filing ("NEF") upon the following:

Robert B. Kapitan (0074327)
Anthony J. Lazzaro (0077962)
Lori M. Griffin (0085241)
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250
34555 Chagrin Blvd. Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
robert@lazzarolawfirm.com
anthony@lazzarolawfirm.com
lori@lazzarolawfirm.com

*Attorneys for Plaintiff*
*Ellenia Matthews*

                                        /s/ Milko Cecez
                                        Milko Cecez, Esq. (0084989)
                                        Pepple & Waggoner, Ltd.

                                        *Attorney for Defendants East Cleveland*
                                        *School District Board of Education, et al.*

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into on the __ day of December 2022 by and between the East Cleveland City District Board of Education ("Board"), Dr. Henry Pettigrew, and the East Cleveland City Schools Academic Distress Commission (collectively referred to as "Defendants") and Ellenia Matthews ("Plaintiff").

WHEREAS, on March 25, 2022, Plaintiff filed a Complaint with the United States District Court Northern District of Ohio Eastern Division alleging certain violations of the Fair Labor Standards Act ("FLSA"), and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), breach of contract, unjust enrichment, and promissory estoppel.

WHEREAS, On May 31, 2022, Plaintiff filed an Amended Complaint, adding a claim of retaliation to Plaintiff's initial Complaint and naming the East Cleveland City Schools Academic Distress Commission as a defendant; and

WHEREAS, the parties wish to resolve this matter via this Agreement, in lieu of proceeding in litigation, to avoid further cost and disruption.

NOW, THEREFORE, THE PARTIES HEREBY AGREE:

Section 1.   The Parties hereby agree to file the *Joint Motion to Approve Settlement and Joint Stipulation for Dismissal with Prejudice* ("Motion") attached hereto as Exhibit A, with the United States District Court for the Northern District of Ohio in case number 1:22-CV-478 on or before December 15, 2023.

Section 2.   Plaintiff acknowledges that Defendants no longer employ her.  Plaintiff further agrees to not seek re-employment with Defendants for a period of five years from the effective date of this Agreement, and she will immediately resign any such employment with Defendants that may be obtained upon notification by Defendants that such employment violates this Agreement.  The Parties further agree and expressly acknowledge that their agreements, as

stated in this Section 2, are in keeping with the intent of this Agreement and shall not be a basis, legitimate or otherwise, for any cause of action, administrative charge, or any other challenge filed by either or either of the Parties, including any charge or claim of retaliation.

Section 3. Defendants agree to provide Plaintiff with a neutral reference. Upon the request of prospective employers, Defendants shall provide such employers only with the start and end dates of Plaintiff's employment and Plaintiff's salary, if requested.

Section 4. The Parties understand that this Agreement is not, and shall not be deemed to be, any admission or evidence of admission of liability on the part of either of the Parties but constitutes a compromise in settlement of disputed claims.

Section 5. In consideration of the foregoing dismissals, non-admission clause, and all other terms and conditions of this Agreement, and pending Court approval of the Parties' Motion, Defendants hereby agree to pay Plaintiff the total sum of Thirty-Nine Thousand and 00/100 Dollars ($39,000.00) ("the Settlement Funds"). The Settlement Funds shall be allocated as follows:

- Fifteen Thousand and 00/100 Dollars ($15,000.00) shall be paid as liquidated damages to Plaintiff, and Defendants shall report said monies on Form 1099;

- Fifteen Thousand and 00/100 Dollars ($15,000.00) shall be paid as back wages to Plaintiff, and Defendants shall report said monies on Form W2; and

- Nine Thousand and 00/100 Dollars ($9,000.00) shall be paid to Plaintiff's attorneys as legal fees, and Defendants shall report said monies on Form 1099.

Defendants, through legal counsel, will send the Plaintiff's checks to her at 2318 E. 85th street, Cleveland, Ohio 44106; and the legal fees check to Robert B. Kapitan, The Lazzaro Law Firm, LLC, The Heritage Building, Suite 250, 34555 Chagrin Boulevard, Moreland Hills, Ohio 44022, on or before January 8, 2023. The Parties understand and agree that if it is determined by any

federal, state, or local authority that the tax laws were not complied with, each party will be responsible for only its or her own liability if any is assessed.  Neither party shall look to nor seek to hold the other party responsible for any liability that any taxing authority may assess.

Section 6.  Plaintiff, on behalf of herself and her individual and/or joint representatives, heirs, successors, and assigns, irrevocably and unconditionally releases and forever discharges Defendants, including their present and former officers, directors, agents, employees, representatives, successors, and assigns, and all persons acting by, though, under, or in concert with any of them ("Defendants Releasees"), of and from any and all claims, demands, actions, causes of action, suits at law or in equity, liabilities, damages, losses, expenses, costs and attorneys' fees, of whatsoever kind or nature, asserted in, arising from or related to the Complaint, and/or Plaintiff's relationship and/or employment with the Defendants Releasees or which could have been asserted in the Lawsuit.

Plaintiff also expressly acknowledges that this Agreement is intended to include in its effect, without limitation, all claims which Plaintiff knows, should have known, had reason to know or suspect to exist in either or all of her favor at the time of the execution hereof, and that this Agreement contemplates the extinguishment of any such claim or claims.  The claims released herein also specifically include but are not limited to claims that Plaintiff has or has had under O.R.C. Chapter 4112, O.R.C. Chapters 3313 and 3319, Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 1983, the Employment Retirement Income Securities Act of 1974, the FLSA, the OMFWSA, the Family Medical Leave Act, and the Americans with Disabilities Act, except for the enforcement of this Agreement and any workers' compensation claims.  Plaintiff further represents that she has not filed, initiated, or caused to be filed or initiated any other legal action covering any claim released in this Agreement and hereby agrees and promises that she, individually or jointly, will never file, initiate, or cause to be filed or initiated, at any time

3

subsequent to the execution of this Agreement, any claim, charge, suit, Complaint, action, or cause of action in any state or federal court or before any state or federal administrative agency, based in whole or in part on the matters herein released.

Plaintiff further acknowledges and agrees that nothing in this paragraph or elsewhere in this Agreement prevents or prohibits her from filing any claim that cannot be waived and/or relinquished pursuant to applicable laws, including the right to file a charge or participate in any investigation with the Equal Employment Opportunity Commission, the National Labor Relations Board, the Ohio Civil Rights Commission, or any other governmental or administrative agency that is responsible for enforcing the law on behalf of the government. However, Plaintiff also acknowledges and understands that because she is waiving and releasing all claims for monetary damages and any other form of personal relief, she may only seek and receive non-personal forms of relief through any such claim.

Section 7. Plaintiff further agrees that they shall treat the terms of this Agreement and the alleged facts relating to Plaintiff's Complaint as absolutely confidential. Plaintiff shall not disclose any information regarding this Agreement or facts related thereto to any other person or entity unless legally compelled to do so. If Plaintiff is legally required to disclose information related to this Agreement, she shall provide notice to Defendants, giving Defendants sufficient time to contest any such disclosure.

Section 8. The Parties represent and warrant that they have not made, or suffered to be made, any assignment or transfer of any right, claim, demand, settlement funds, or cause of action which is the subject of this Agreement and that Plaintiff is the sole and absolute legal and equitable owner of all rights, claims, demands or causes of action herein released.

Section 9. Each of the Parties declares that the terms of this Agreement have been completely read, are fully understood, and are voluntarily accepted for the purpose of making a

4

full and final compromise, settlement, and adjustment of any and all claims that have been asserted or may have been asserted by any of the parties against each other in the Lawsuit. This Agreement shall bind and inure to the benefit of the respective heirs, personal representatives, successors, and assigns of the parties.

Section 10. This Agreement shall constitute the entire Agreement between the parties and may not be modified except in a written document that refers to this Agreement and is signed by all of the parties to this Agreement.

Section 11. This Agreement may be executed in one or more counterparts, including by email, facsimile, and/or PDF, each of which shall be deemed an original hereof, but all of which, together, shall constitute a single Agreement.

Section 12. The laws of the State of Ohio shall govern the validity, performance, and enforcement of this Agreement. The parties agree that the United States District Court Northern District of Ohio Eastern Division shall retain jurisdiction over this Agreement. Any issues regarding any obligations arising from this Agreement will be submitted to the same Court (and Judge, if such Judge is still on the Court's bench) in which the Lawsuit was pending.

Section 13. The undersigned further warrants that no promise or inducement has been offered except as herein set forth; that this Agreement is executed without reliance upon any statement or representation made by any of the parties or any of their representatives or attorneys concerning the nature of and the extent of the damages and/or legal liability therefor; that the undersigned are of legal age, are legally competent to execute this Agreement, and are possessed with the full authority of their respective parties to compromise and settle all claims as herein described, and accept full responsibility therefor.

THE PARTIES HAVE CAREFULLY READ THE FOREGOING SETTLEMENT AGREEMENT, KNOW AND UNDERSTAND THE CONTENTS THEREOF, HAVE

CONSULTED WITH LEGAL COUNSEL REGARDING THE SAME, AND SIGN THIS SETTLEMENT AGREEMENT AS OUR FREE, KNOWING, AND VOLUNTARY ACT AND DEED, BEING FULLY AWARE OF ITS FINAL AND BINDING EFFECT.

    IN WITNESS WHEREOF, the parties have entered into this Settlement Agreement on the date first set forth above.

| EAST CLEVELAND CITY SCHOOL DISTRICT BOARD OF EDUCATION | PLAINTIFF |
|---|---|
| By: _____<br>    Dr. Henry Pettigrew, as Superintendent for East Cleveland City School District Board of Education, and individually | By: _____<br>    Ellenia Matthews |

EAST CLEVELAND CITY SCHOOLS
ACADEMIC DISTRESS COMMISSION

By: _____

    _____, _____