UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ELLENIA MATTHEWS | ) | CASE NO. 1:22-CV-478 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | |
| EAST CLEVELAND CITY SCHOOL DISTRICT BOARD OF EDUCATION, et al. | ) ) ) | **PLAINTIFF'S AMENDED MOTION TO ENFORCE SETTLEMENT AGREEMENT** |
| | ) | |
| Defendants. | ) | |

Now comes the Plaintiff, Ellenia Matthews, and hereby moves the Court for an Order finding Defendants East Cleveland City School District Board of Education and Henry Pettigrew breached the Settlement Agreement (attached as Exhibit A) reached by the Parties and requiring the Defendants to immediately pay the settlement proceeds, interest and fees incurred in bringing this Motion. This Amended Motion provides an update to the Court on the status of the 1099 payment to Plaintiff and provides more detail regarding the vendor forms now required by Defendants.

**I.        Procedural History.**

On November 21, 2022, the Parties attended a mediation and were able to settle all claims in the case. The Parties negotiated a Settlement Agreement and, pursuant to this Court's Order, filed a Joint Motion for Approval of the Settlement on December 15, 2022. Subsequent filings amended the Joint Motion to include a signed Settlement Agreement and to dismiss the East Cleveland Academic Distress Commission as a defendant. On January 4, 2023, this Court approved the settlement.

Per the terms of the Settlement Agreement, Defendants were to send payment of the Plaintiff's settlement proceeds directly to the Plaintiff and the attorneys' fees portion to Plaintiff's counsel by January 8, 2023. On January 4, 2023, Defendants' counsel sent an email to Plaintiff's counsel that the

Board of Education still had to act to approve issuance of the settlement checks and planned on doing so at its next meeting on January 9, 2023. This procedural hurdle was never raised prior to January 4, 2023, and is not a term of the Settlement Agreement. In an effort to cooperate with Defendants, the Plaintiff agreed to the extension as long as the checks were sent by certified mail on January 10, 2023. No written amendment to the Settlement Agreement was executed which is required under its terms. As of the date and time of this Motion, neither Plaintiff nor Plaintiff's counsel have received any of the settlement payments.

**II.    Plaintiff's 1099 Payment.**

Despite the understanding that Defendants send the check for the 1099 portion of Plaintiff's settlement proceeds by certified mail on January 10, 2023, no check was sent. Without any explanation for the delay, Attorney Cecez emailed the undersigned on January 13, 2023 and stated, "Enclosed, for your records and convenience, is a certified mail receipt showing that the first check was mailed and should arrive Saturday." The tracking number for the mail is USPS 70210950000123376912. As of the date and time of the filing of this Amended Motion, the USPS tracking website shows the letter has **not** been delivered.

**III.    Plaintiff's W-2 Payment.**

Again, despite the terms of the Settlement Agreement that payment be made by January 8, 2023, and the subsequent understanding that it would be sent by certified mail on January 10, 2023, no check for the W-2 portion of the settlement has yet been drafted. Defendants assert that payment will be made as part of their regular payroll on January 20, 2023. However, that was not the negotiated procedure. Defendants' insistence that they treat the terms of the Agreement as suggestions and instead modify them at will for no other reason than their own convenience is egregious. The Plaintiff is a former employee of the Treasurer's office for the Board of Education and has first-hand

knowledge that the Board of Education routinely runs special payroll payments that do not coordinate with regular payroll. In fact, Defendant Pettigrew and the Treasurer received bonus checks that were run on a special payroll and did not wait for the regular schedule.

## IV. Attorneys' Fees and Vendor Forms.

Defendants refuse to issue the attorneys' fee check until Plaintiff's counsel completes "new vendor forms." The forms are attached as Exhibit B. The Defendants demand that Plaintiff's counsel complete these forms and submit them to Defendants to receive the attorneys' fees portion of the settlement. However, the forms are purportedly required by O.R.C. §3121.89 and 3121.8910 as part of the State of Ohio's efforts to track payments made by Ohio employers to "employees" and "contractors." Per the law:

> (A) "Contractor" means an individual who provides services to an employer as an independent contractor for compensation that is reported as income other than wages and who is an individual, the sole shareholder of a corporation, or the sole member of a limited liability company. "Contractor" does not include any of the following: *** (2) A professionally licensed person who is providing services to the employer under that license;

The Defendants insistence that Plaintiff's counsel complete and submit these forms to receive the attorneys' fees portion of the settlement is wrong for several reasons. First, no such forms are required by the Settlement Agreement. If Defendants knew they were required, that should have been included as a condition precedent expressly provided in the Agreement. Second, the forms do not require a signature and all the required information is contained in the Lazzaro Law Firm IRS W-9 form which was provided to Defendants the same day it was requested. There is no reason why the Defendants cannot complete the forms. Third, the forms are required for all new employees and contractors who, by definition under the statute, provided "services" to the Defendants. Certainly, Plaintiff's counsel did not provide services to the Defendants, nor is it

appropriate for Defendants to demand that Plaintiff's counsel lie and assert to the State that we did. Lastly, the exemptions listed in the statute state that the forms are not required for a "professionally licensed" contractor, a category for which Plaintiff's counsel undoubtedly qualifies. Defendants refusal to comply with the terms of the Settlement Agreement until Plaintiff's counsel completes these forms is indefensible and the Court should not permit them to play these games.

### V.     Conclusion.

The Plaintiff and undersigned counsel are reluctant to bring this Motion and to take up the Court's valuable time. However, the timing of the settlement payments is a material term for the Plaintiff. This was explained during the mediation and reiterated to the Defendants when it was agreed that payment would be sent no later than January 10, 2023. The Defendants disrespect for the Plaintiff and the Court by ignoring the agreement and making the payments when it is convenient for them cannot be ignored. Furthermore, their insistence that Plaintiff's counsel like to the State and claim they are providing services to the Defendants is inexcusable.

Given the fact that the Defendants have knowingly breached the Settlement Agreement in bad faith, the Plaintiff respectfully requests the Court issue an order finding the Defendants have breached the Settlement Agreement and requiring the Defendants pay the settlement proceeds immediately, pay interest on the unpaid settlement proceeds, and pay the Plaintiff's fees incurred in bringing this Motion.

Respectfully,

  /s/ Robert B. Kapitan
Robert B. Kapitan (0074327)
Anthony J. Lazzaro (0077962)
Lori M. Griffin (0085241)

4

>The Lazzaro Law Firm, LLC
>The Heritage Building, Suite 250
>34555 Chagrin Boulevard
>Moreland Hills, Ohio 44022
>Phone: 216-696-5000
>Facsimile: 216-696-7005
>robert@lazzarolawfirm.com
>anthony@lazzarolawfirm.com
>lori@lazzarolawfirm.com
>
>*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and accurate copy of the *Plaintiff's Motion for Extension of Time* was served via email this 18th day of January 2023 on the following:

Milko Cecez, Esq.
Sam Robb, Esq.
Pepple & Waggoner, Ltd.
5005 Rockside Rd., Suite 260
Independence, Ohio 44131
mcecez@pepple-waggoner.com
srobb@pepple-waggoner.com

*Attorneys for Defendants*

>　/s/ Robert B. Kapitan
>One of the Attorneys for Plaintiff